UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

BETSY McCAUGHEY,                                    :

                                                    :

                                    Plaintiff,      :

                                                    :

      - against -                                   :        26 Civ.

                                                    :

KATHY HOCHUL, in her representative capacity        :
as Governor of the State of New York, and          :
THE NEW YORK STATE DEPARTMENT OF                    :
ENVIRONMENTAL CONSERVATION,                         :

                                                    :

                                    Defendants.     :

-------------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Plaintiff Betsy McCaughey, by and through her attorneys, Paul Batista, P.C., as and for her Complaint against defendants, respectfully alleges as follows:

### Preliminary Statement

1.    This is an action brought under the Interstate Commerce Clause of the United States Constitution, Article 1, Section 8, Clause 3, for declaratory and injunctive relief to nullify the refusal of defendants to allow construction of the Constitution Pipeline to convey natural gas from Pennsylvania through upstate New York to Connecticut.

2.    As delineated later in this Complaint, defendants' refusal to allow construction of the pipeline has inflicted economic injury and harm on plaintiff, a resident of Connecticut who, like all other residents of Connecticut, has been compelled to pay higher rates for the use of natural gas and the electricity generated by natural gas.

3.    Construction of the pipeline through New York from Pennsylvania to Connecticut would enhance the availability of natural gas to plaintiff and other Connecticut

1

residents, and defendants' conduct in blocking construction of the pipeline is in violation of the Interstate Commerce Clause of the U.S. Constitution.

4.    As a result of defendants' Constitutional violations, Connecticut residents such as plaintiff suffer direct financial injury reflected in the fact that Connecticut ranks 48th among the 50 states in the costs its residents pay for electricity, as documented in the April 1, 2026 report of the *American Legislative Exchange Council* ("ALEC").

5.    Defendants' unconstitutional blocking of the Constitution Pipeline has compelled Connecticut residents to import natural gas from foreign energy suppliers located in nations such as Algeria and Canada, according to ALEC's report.

### Jurisdiction and Venue

6.    Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 since this action presents a federal question.

7.    Venue exists in this Court pursuant to 28 U.S.C. § 1391.

### Parties

8.    Plaintiff Betsy McCaughey, Ph.D. ("Dr. McCaughey") is a resident of the State of Connecticut and a rate-payer in Connecticut for the use of natural gas and electricity. Dr. McCaughey is a former Lieutenant Governor of the State of New York. She holds a doctorate in Constitutional History from Columbia University.

9.    Defendant Kathy Hochul ("Ms. Hochul") is sued in her representative capacity as the Governor of the State of New York.

10.    Defendant New York State Department of Environmental Conservation ("NYSDEC") is an agency of the State of New York.

## Statement of Facts Common to All Counts

### A.    Overview

11.    The Commonwealth of Pennsylvania is the location for the production of significant amounts of natural gas substantially in excess of the needs of Pennsylvania's own residents.

12.    Energy producers and suppliers such as the Williams Companies, Inc. ("Williams"), a publicly-held corporation, are fully capable of producing natural gas in Pennsylvania and supplying natural gas to residents of other states.

13.    In contrast, Connecticut has virtually no natural gas resources and is, as a result, incapable of supplying natural gas to generate electricity without purchasing the natural gas from out-of-state suppliers for its residents, including Dr. McCaughey.

### B.    The Constitution Pipeline

14.    Upon information and belief, Williams produces natural gas in Pennsylvania.

15.    At all times relevant to this Complaint, Williams has had the ability to generate natural gas in Pennsylvania and to distribute the gas through the Constitution Pipeline from Pennsylvania through New York State to connecting pipelines serving Connecticut.

16.    Ms. Hochul and the NYSDEC have refused to permit Williams to construct in New York State the Constitution Pipeline, a proposed 124-mile natural gas pipeline from northeastern Pennsylvania which, if completed, would improve energy reliability in Connecticut and lower consumer costs for Connecticut residents such as Dr. McCaughey.

17.    Moreover, construction of the pipeline would reduce Connecticut consumers' reliance on energy imported from foreign sources.

18. Defendants' refusal to permit construction of the Constitution Pipeline has inflicted direct economic injury on plaintiff and other Connecticut residents.

19. Dr. McCaughey has standing to assert and pursue the claims advanced in this Complaint as a direct consequence of the financial harm she has sustained because of defendants' violation of the Interstate Commerce Clause.

20. In reality, defendants' conduct has erected a wall to block the flow of natural gas from Pennsylvania to Connecticut.

## Count One
### [For Declaratory Relief]

21. Plaintiff repeats and realleges each and every allegation of ¶¶ 1 - 20, *supra*.

22. Defendants' conduct in blocking construction of the Constitution Pipeline is a violation of the Interstate Commerce Clause of the U.S. Constitution.

23. For the foregoing reasons, Dr. McCaughey requests the entry, pursuant to 28 U.S.C. §§ 2201-2202, of a declaratory judgment declaring that defendants have violated Article 1, Section 2, Clause 3 of the United States Constitution.

## Count Two
### [For Injunctive Relief]

24. Plaintiff repeats and realleges each and every allegation of ¶¶ 1 - 23, *supra*.

25. By reason of defendants' violation of the Interstate Commerce Clause, defendants should be preliminarily and permanently enjoined from blocking construction of the Constitution Pipeline.

WHEREFORE, plaintiff requests the entry of orders:

A.    Declaring that defendants have violated the Interstate Commerce Clause of the United States Constitution;

B.    Preliminarily and permanently enjoining defendants from blocking construction of the Constitution Pipeline; and

C.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 13, 2026

PAUL BATISTA, P.C.

By:_____
        Paul Batista
*Attorneys for Plaintiff Betsy McCaughey*
26 Broadway, Suite 1900
New York, New York 10004
T:  631 377 0111
Batista007@aol.com